# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

AEI LIFE, LLC,

                Plaintiff,

    -against-

LINCOLN BENEFIT LIFE COMPANY,

                Defendant.

Index No.:

**SUMMONS**

TO:   LINCOLN BENEFIT LIFE COMPANY
        2940 South 84th Street
        Lincoln, Nebraska 68506

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney an answer to the Complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is that Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in Kings County, New York.

Dated: New York, New York
September 3, 2014

ARENT FOX LLP

By: _____
Eric A. Biderman
Julius A. Rousseau, III
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
E-mail: eric.biderman@arentfox.com
jule.rousseau@arentfox.com

*Attorneys for Plaintiff AEI Life, LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

AEI LIFE, LLC,

                      Plaintiff,

      -against-

LINCOLN BENEFIT LIFE COMPANY,

                      Defendant.

Index No.:

**COMPLAINT**

---

Plaintiff AEI Life, LLC ("AEI" or "Plaintiff"), by and through its counsel, Arent Fox LLP, for its Complaint against defendant Lincoln Benefit Life Company ("LBL" or "Defendant"), alleges as follows:

## INTRODUCTION

1. This is an action for declaratory judgment and breach of contract with respect to a life insurance policy (the "Policy") currently owned by the Plaintiff, AEI, which was issued by the Defendant, LBL, on the life of Gabriella Fischer (the "Insured").

2. AEI is the sole owner and beneficiary of a policy that has been subject to unwarranted attacks by LBL since July 2013.

3. In July 2013, LBL commenced a lawsuit seeking a declaratory judgment that the Policy was void or voidable due to lack of insurable interest at its inception (the "Rescission Action"). The Rescission Action violated the clear terms of the Policy, as well as the applicable law, which required that LBL bring any such challenge to the Policy's validity within the first two years of the Policy's June 2008 issue date.

4. To the extent that LBL is not time barred from challenging the validity of the Policy, it nonetheless has engaged in several acts since the commencement of the Rescission

Action that constitute a waiver and/or estoppel of any right it may have had to challenge the validity of the Policy. In particular, since commencing the Rescission Action, LBL has accepted and kept premium payments made by AEI on the Policy, issued grace notices to AEI for the Policy, and issued multiple verifications coverage indicating the Policy to be active and/or in force, even though it claims in the Rescission Action that the Policy is void or voidable.

5. AEI purchased the Policy for value and without knowledge the Policy's purported lack of insurable interest. Furthermore, AEI has performed all of its duties and obligations under the Policy, including, but not limited to, making all required premium payments on the Policy when due. The Rescission Action was dismissed on jurisdictional grounds in April 2014, although LBL is currently pursuing an appeal of such dismissal.

6. Accordingly, in this action AEI seeks a declaratory judgment that the Policy is in full force and effect, and that LBL is barred from taking any action to challenge the validity of the Policy and/or to have the Policy declared void or voidable. AEI also seeks compensatory damages, plus attorneys' fees and other costs associated with this action which it has incurred as a result of LBL's efforts to challenge the validity of the Policy, which constitute a breach of the express terms of the Policy.

## THE PARTIES

7. Plaintiff AEI Life, LLC is a limited liability company organized and existing under the laws of the State of New York with its principal place of business in Brooklyn, New York.

8. Upon information and belief, defendant Lincoln Benefit Life Company is a life insurance company organized and existing under the laws of the State of Nebraska with its principal place of business in Lincoln, Nebraska.

## FACTS

9. Upon information and belief, on or about June 5, 2008, LBL issued the Policy, bearing policy number 01N1404934, and insuring the life of the Insured, Gabriella Fischer, in the amount of $6,650,000.

10. At the time the Policy was issued, the sole owner and beneficiary of the Policy was The Gabriella Fischer Trust 2/19/08 (the "Trust").

11. Upon information and belief, the Insured was a resident of Brooklyn, New York at the time the Policy was issued.

12. Upon information and belief, New York was the situs of the Trust at the time the Policy was issued.

13. Upon information and belief, upon issuance of the Policy, the Policy was delivered to the Trust, by and through its trustee, in the State of New York.

14. The Policy sates, in part, as follows:

> **Grace Period**
>
> Except as provided in the Safety Net Premium provision below, if on any monthly activity day, the net surrender value is less than the monthly deduction for the current certificate month, you will be given a grace period of 61 days. This certificate will be in force during the grace period. If you do not make sufficient payment by the end of the grace period, the certificate will lapse.
>
>         \*                 \*                \*
>
> **When Protection Starts**
>
> The issue date is the date when this certificate becomes effective if the insured is then living, all underwriting requirements have been completed and the first payment has been made.
>
> **Termination**
>
> This certificate will terminate upon the earlier of the following events:

1) The surrender of the certificate; or

2) End of the grace period; or

3) Death of the insured.

\*             \*             \*

**Incontestability**

[LBL] will not contest this certificate after it has been in force during the lifetime of the insured for two years from the issue date unless one of the following exceptions occurs:

1) Any increase in the face amount: This contestable period with respect to the increase amount will be measured during the lifetime of the insured for two years from the effective date of the increase.

2) Reinstatement of this certificate or any riders: This contestable period will be measured during the lifetime of the insured for two years from the reinstatement date.

3) An attached rider has a separate provision: This contestable period will be measured in accordance with the incontestability provisions provided in the rider.

We may contest this certificate at any time for failure to make sufficient payments to cover the monthly deductions required to keep this certificate and its rides in force.

15. The term "issue date" is defined in the Policy as "The date the certificate is issued, as listed on the Certificate Data pages. It is used to determine the certificate years and certificate months in the certificate." The issue date of the Policy, as listed on the Certificate Data pages, is June 5, 2008.

16. On or about August 29, 2011, more than three years after the Policy was issued, the Trust sold the Policy to Progressive Capital Solutions, LLC ("Progressive"). Upon information and belief, Progressive is a limited liability company organized and existing under the laws of the State of New York.

17. On or about August 31, 2011, AEI acquired from Progressive the interest in the Policy that Progressive had previously acquired from the Trust pursuant to the transaction described above. Thereafter, on or about September 5, 2011, Plaintiff approved the Trust's transfer of ownership and beneficiary of the Policy to AEI.

18. On or about July 3, 2013, LBL commenced the Rescission Action against AEI and other parties in the United States District Court for the District of New Jersey under the following caption: *Lincoln Benefit Life Company v. AEI Life, LLC, et al.,* No. 13-cv-04117 (D.N.J.).

19. In its complaint in the Rescission Action (the "Complaint"), LBL sought, *inter alia,* a declaratory judgment that the Policy is void *ab initio* for lack of insurable interest. AEI did not have any involvement with the events alleged in the Complaint that purportedly gave rise to the Policy's alleged lack of insurable interest, nor did AEI have any knowledge or awareness of the Policy's alleged lack of insurable interest at the time it acquired the Policy. Moreover, nowhere in the Complaint is it alleged that AEI had any involvement with events that purportedly gave rise to the Policy's alleged lack of insurable interest.

20. On April 4, 2014, LBL's complaint in the Rescission Action was dismissed, without prejudice, for lack of subject matter jurisdiction (the "Dismissal Order"). *See Lincoln Benefit Life Co. v. AEI Life, LLC, et al.,* No. 13-cv-04117, 2014 WL 1343266 (D.N.J. April 4, 2014).

21. On or about May 5, 2014, LBL filed a Notice of Appeal from the Dismissal Order to the United States Court of Appeals for the Third Circuit (the "Appeal"). Upon information and belief, the Appeal remains pending as of the present date.

22. Since the commencement of the Rescission Action on July 3, 2013, AEI has made premium payments on the Policy in the amount of $159,462, all of which have been paid directly to LBL. Included in this $159,462 sum is: (i) a $45,000 premium payment that AEI made to LBL on or about November 5, 2013, which was paid in response to a grace notice for the Policy that AEI received from LBL that was dated October 16, 2013; and (ii) a $54,780 premium payment that AEI made to LBL on or about March 12, 2014, which was paid in response to a grace notice for the Policy that AEI received from LBL that was dated February 16, 2014. Each and every premium payment that AEI has made on the Policy since the commencement of the Rescission Action has been accepted by LBL without objection. As of the present date, LBL has not returned any portion of the premiums that AEI has paid on the Policy since the commencement of the Rescission Action, and AEI has received no indication from LBL that it intends to return any portion of these premiums.

23. Since commencing the Rescission Action, LBL has also issued several Verifications of Coverage ("VOC") for the Policy and/or otherwise verified that LBL considers the Policy to be active and in force. Specifically, LBL has issued the following five (5) VOCs for the Policy: (i) a VOC dated February 24, 2014 (the "February 24 VOC"); (ii) a VOC dated March 18, 2014 (the "March 18 VOC"); (iii) a VOC dated April 22, 2014 (the "April 22 VOC"); (iv) a VOC dated May 14, 2014 (the "May 14 VOC"); and (v) a VOC dated June 19, 2014 (the "June 19 VOC"). The February 24, March 18, April 22 and June 19 VOCs each listed the Policy's "Status" as "Active." The May 14 VOC contained the following statement: "Is the policy in force? **Yes**" (emphasis added). Moreover, as recently as August 18, 2014, LBL provided indication, in writing, that the Policy is considered by LBL to be active and in force.

24. Upon information and belief, at no time since the Policy was issued have any of the following events occurred: the Policy was surrendered; the Policy entered a grace period and LBL did not receive the premium payment necessary to keep the Policy from lapsing prior to the end of such grace period; or the Policy's insured, Gabriella Fischer, passed away.

25. AEI has performed all of its duties and obligations under the Policy, including, but not limited to, making all required premium payments on the Policy when due.

## AS AND FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 as if fully set forth herein.

27. There is an actual controversy of a justiciable nature concerning the rights and obligations of the parties under the Policy because through the Rescission Action and the Appeal, LBL has sought, and continues to seek, a declaratory judgment that the Policy is void or voidable for lack of insurable interest.

28. The Policy is a valid and existing contract of life insurance between LBL, the Policy's insurer, and AEI, the Policy's sole owner and beneficiary of record.

29. The Policy is subject to and governed by New York law because: the Policy insures the life of a New York resident; the Policy was issued to a New York trust; and, following issuance of the Policy, the Policy was delivered to such trust in the State of New York.

30. As a life insurance policy subject to and governed by New York law, the Policy was required to contain an incontestability clause stating that the Policy shall be incontestable by LBL after being in force during the lifetime of the Insured for two years from the Policy's issue date of June 5, 2008. *See* N.Y. Ins. Law § 3203(a)(3).

31. Under New York law, LBL was precluded from challenging the validity of the Policy for any reason, even lack of insurable interest, after the Policy's two-year contestability period had expired, *i.e.,* after the Policy had been in force during the Insured's lifetime for two years from the Policy's June 5, 2008 issue date. *See New England Mut. Life Ins. Co. v. Caruso,* 73 N.Y.2d 74 (1989); *see also Kramer v. Phoenix Life Ins. Co.,* 15 N.Y.3d 539, 548 n.4 (2010).

32. In accordance with New York law, the Policy provides that it shall be incontestable by LBL after it has been in force during the lifetime of the Insured for two years from the Policy's issue date of June 5, 2008.

33. The Policy further provides that it shall terminate upon the earlier of the following: (a) the surrender of the Policy; (b) the end of the applicable grace period; or (c) the death of the Insured.

34. LBL sought to challenge the validity of the Policy by commencing the Rescission Action on or about July 3, 2013, and continues to seek to challenge the validity of the Policy by pursuing the Appeal that is now pending before United States Court of Appeals for the Third Circuit.

35. Under the terms of the Policy, as well as New York law, LBL was/is barred from challenging the validity of the Policy in the Rescission Action and the Appeal because LBL commenced the Rescission Action after the expiration of the Policy's two-year contestability period, *i.e.,* after the Policy had been in force during the Insured's lifetime for two years from the Policy's June 5, 2008 issue date.

36. In addition to being time-barred from challenging the validity of the Policy, LBL waived any right it may have had to challenge the validity of the Policy and/or is estopped from challenging the validity of the Policy because since commencing the Rescission Action, LBL

has: received and continued to keep $159,462 in premium payments made by AEI in connection with the Policy; issued at least two (2) grace notices for the Policy to AEI; provided no less than five (5) VOCs for the Policy, all of which have indicated that the Policy is in active status or that the Policy is in force; and, as recently as August 18, 2014, gave indication, in writing, that the Policy is considered by LBL to be active and in force.

37. Plaintiff has performed all of its duties and obligations under the Policy, including, but not limited to, making all required premium payments on the Policy when due.

38. As such, Plaintiff is entitled to judgment from this Court declaring that the Policy is in full force and effect, and that LBL is barred from taking any action to challenge the validity of the Policy and/or to have the Policy declared void or voidable.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40. The Policy is a valid and existing contract of life insurance between LBL, the Policy's insurer, and AEI, the Policy's sole owner and beneficiary of record.

41. The Policy, by its terms, provides that: LBL shall be barred from challenging the validity of the Policy after the Policy has been in force during the Insured's lifetime for two years from the applicable issue date of June 5, 2008; and that the Policy shall only terminate upon a surrender of the Policy, the end of a grace period, or the death of the Insured.

42. LBL commenced the Rescission Action on or about July 3, 2013, in which it sought, *inter alia,* a declaratory judgment that the Policy was void *ab initio.*

43. After the Rescission Action was dismissed, LBL filed the Appeal with respect thereto, and continues to pursue such Appeal as of the present date.

9

44. At the time LBL commenced the Rescission Action, on or about July 3, 2013, the Policy had been in force during the Insured's lifetime for more years from the applicable June 5, 2008 issue date.

45. At no time since the Policy was issued have any of the events giving rise to a termination of the Policy occurred, *i.e.,* a surrender of the Policy, the end of a grace period or death of the Insured.

46. LBL therefore breached the terms of the Policy by commencing the Rescission Action because in the Rescission Action, LBL sought to: challenge the validity of the Policy, even though the Policy had been in force during the Insured's lifetime for more than two years from the applicable June 5, 2008 issue date; and terminate the Policy, even though none of the events giving rise to a termination of the Policy have occurred.

47. LBL further breached the terms of the Policy when it filed the Appeal from the Dismissal Order because by filing such Appeal, LBL sought to be able to pursue the Revision Action that was commenced in breach of the terms of the Policy.

48. LBL remains in breach of the terms of the Policy because it continues to pursue the Appeal as of the present date.

49. Plaintiff has performed all of its duties and obligations under the Policy, including, but not limited to, making all required premium payments on the Policy when due.

50. As a result of the aforementioned breaches by LBL, Plaintiff has been damaged in a sum to be determined by the trier of fact after trial, which damages include, but are not limited to, the legal fees that Plaintiff has incurred and will continue to incur as a result of LBL's wrongful efforts to challenge the validity of the Policy and seek the termination of the Policy.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury for all issues that may be triable by jury in this action.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment in its favor as follows:

A. A declaration that the Policy is in full force and effect, and that LBL is barred from taking any action to challenge the validity of the Policy and/or to have the Policy declared void or voidable;

B. An award of compensatory damages as warranted under law;

C. An award of AEI's attorneys' fees and costs, as determined by the Court, and associated with seeking this judgment; and

D. for any further relief that this Court may deem just and proper.

Dated: New York, New York
September 3, 2014

ARENT FOX LLP

By: _____
Eric A. Biderman
Julius A. Rousseau, III
1675 Broadway
New York, New York 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
E-mail: eric.biderman@arentfox.com
jule.rousseau@arentfox.com

*Attorneys for Plaintiff AEI Life, LLC*

11