# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

_____
:
AEI LIFE, LLC,  : CIVIL ACTION NO. 14-6449 (JBW) (JO)
:
    Plaintiff, :
v. :
:
LINCOLN BENEFIT LIFE :
COMPANY, :
:
    Defendant. :
_____

# LINCOLN BENEFIT LIFE COMPANY'S MOTION TO DISMISS OR ALTERNATIVELY TO STAY

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................... ii

I.   Introduction..................................................................................................1

II.  Factual Background ....................................................................................2

      A.   Underlying Dispute ...........................................................................2

      B.   Procedural Posture.............................................................................3

            1.   First Action ..............................................................................3

            2.   Second Action ..........................................................................4

III. Legal Standard .............................................................................................5

IV.  Argument .....................................................................................................7

      A.   The Court Should Dismiss This Action Pending Resolution of the First Action ..................................................................................9

      B.   The Court Alternatively Should Stay This Action to Allow the New Jersey Court to Address Any Threshold Questions Regarding the First-to-File Rule .........................................................9

V.   Conclusion .................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ables & Hall Builders v. U.S. Bank, N.A.*,
  Civil Action No. 3:08CV-175-H, 2008 WL 2168890, at *2 (W.D. Ky. May 23, 2008) ................................................................................................................10

*Castillo v. Taco Bell of Am., LLC*,
  960 F. Supp. 2d 401 (E.D.N.Y. 2013) ..............................................................................5

*Citigroup Inc. v. City Holding Co.*,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000) ................................................................................6

*Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles Cnty.*,
  542 F. Supp. 1317 (S.D.N.Y. 1982) .................................................................................7

*Emp'r Ins. of Wausau v. Fox Entm't Grp., Inc.*,
  522 F.3d 271 (2d Cir. 2008) .............................................................................................6

*MSK Ins., Ltd. v. Emp'r Reinsurance Corp.*,
  212 F. Supp. 2d 266 (S.D.N.Y. 2002) ..............................................................................6

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
  599 F.3d 102 (2d Cir. 2010) .............................................................................................5

*Nanologix, Inc. v. Novak*,
  Case No. 4:13-CV-1000, 2013 U.S. Dist. LEXIS 172644 (N.D. Ohio Dec. 9, 2013) ....................................................................................................................9

*Promold & Tool, LLC v. Polylok, Inc.*,
  Civil Action No. 3:11-CV-00660, 2012 WL 1947207 (W.D. Ky. May 30, 2012) ................................................................................................................................8

*Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*,
  12 F. Supp. 3d 320, 328 (E.D.N.Y. 2014) ....................................................................6, 9

*Speedfit LLC v. Woodway U.S.*,
  No. 13-CV-1276, 2014 U.S. Dist. LEXIS 145897 (E.D.N.Y. Oct. 10, 2014) ............................................................................................................................5, 6

*Strukmyer, LLC v. Infinite Fin. Solutions, Inc.*,
  No. 3:13-cv-3798, 2013 U.S. Dist. LEXIS 172232 (N.D. Tex. Dec. 5,
  2013) ..................................................................................................................5

*W. LB AG, N.Y. Branch v. DT Land Dev., LLC*,
  Civil Case No. 09-cv-01931, 2010 WL 2698297 (D. Colo. June 25, 2010) ........8

*Weber-Stephen Prods. v. Ivy Mar Co.*,
  93 C 5462, 1994 U.S. Dist. LEXIS 2642 (N.D. Ill. March 9, 1994) ....................6

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1332 .................................................................................................4

Federal Rule of Civil Procedure 12(b)(3) ..............................................................5

## I.     INTRODUCTION

This lawsuit should be dismissed or alternatively stayed based on principles of comity and the common law "first-to-file" doctrine.  On July 3, 2013, Lincoln Benefit Life Company ("Lincoln Benefit") filed a lawsuit against AEI Life, LLC ("AEI") in the United States District Court for the District of New Jersey, styled as *Lincoln Benefit Life Company v. AEI Life, LLC; ALS Capital Ventures, LLC; Joel Jacob; Innovative Brokers; and JRJ Services, Inc.,* Case No. 13-cv-04117 ("First Action").  In the First Action, Lincoln Benefit seeks declaratory relief and damages in connection with two policies of life insurance issued on the life of Gabriella Fischer.  Lincoln Benefit alleged that from inception the policies were mere wagers.  Thus, according to Lincoln Benefit, the policies are void *ab initio.*

On September 3, 2014, more than one year later, AEI filed the above-captioned action in the Supreme Court of the State of New York, County of Kings ("Second Action").  In the Second Action, AEI seeks a declaration that one of the policies issued on the life of Ms. Fischer, for which AEI serves as owner and beneficiary, is in "full force and effect."  The policy that is the subject of the Second Action is already the subject of the First Action.  On October 31, 2014, Lincoln Benefit removed the Second Action to this Court.

The Second Action involves the same parties and claims as the First Action.  Indeed, AEI's claims in the Second Action are a mirror image of the allegations

against it in the First Action. Because the First Action was the first-filed action, this case should be dismissed or alternatively stayed pending (1) resolution of the First Action; or, at a minimum, (2) the New Jersey's Court's determination of whether the first-to-file rule applies.

## II.     FACTUAL BACKGROUND

### A.     Underlying Dispute.

In 2008, Lincoln Benefit issued two life insurance policies on the life of Ms. Fischer. *See* First Action, D.E. # 1 (complaint) at ¶ 27. One of the subject policies is Policy No. 01N1404934. *Id*. The illustration for the policy was "[p]resented in the state of New Jersey." *See* First Action, D.E. # 34 at Ex. A (illustration). The application for the policy was signed in Lakewood, New Jersey. *See* First Action, D.E. # 34 at Ex. B (application). All related documents (*i.e.*, the amendment to the application) were similarly signed in Lakewood, New Jersey. *Id.* Consistent with the New Jersey occurrences leading up to the procurement of the policy, the policy clearly states, "This [policy] is subject to the laws of the state where the application was signed [*i.e.*, New Jersey]." *See* First Action, D.E. # 1 at Ex. A (policy) at 16 ("Conformity With State Law").

At all relevant times, AEI was in the business of purchasing life insurance policies. *See generally*, D.E. #34 at Ex. D (ownership and beneficiary change forms). Although AEI was not designated as the original owner and beneficiary of

the policy, on or around August 31, 2011, AEI submitted to Lincoln Benefit forms pursuant to which AEI assumed its now-current status as record owner and beneficiary of the policy. *Id.*

### B. Procedural Posture.

#### 1. First Action.

On July 3, 2013, Lincoln Benefit commenced the First Action by suing the record owners and beneficiaries of the subject policies (AEI; ALS Capital Ventures, LLC), the producer who was responsible for the procurement of the policies (Joel Jacob), and the general agencies that were involved in and responsible for the procurement of the policies (JRJ Services, Inc.; Innovative Brokers). Lincoln Benefit alleged that the subject policies were procured fraudulently for the benefit of third-party investors and that the policies were therefore void *ab initio*. First Action, D.E. # 1 (complaint).

On December 20, 2013, AEI moved to dismiss the First Action for lack of subject matter jurisdiction, contending that Lincoln Benefit failed to establish diversity jurisdiction on the face of the complaint because it did not allege the identities and citizenship of the individual members of AEI. *See* First Action, D.E. #32. AEI has since represented that its members are diverse. AEI also moved to dismiss the complaint for lack of personal jurisdiction. *See id.*

On April 4, 2014, the district court dismissed the complaint without prejudice based on Lincoln Benefit's purported failure to establish complete diversity of the parties as required by 28 U.S.C. § 1332. *See* First Action, D.E. #37, 38. The district court denied as moot AEI's motion to dismiss for lack of personal jurisdiction. *Id.* Lincoln Benefit timely appealed the district court's order to the United States Court of Appeals for the Third Circuit. *See* First Action, D.E. #39, 40. The appeal remains pending, and oral argument is scheduled for January 14, 2015.

      2.    <u>Second Action.</u>

On September 3, 2014, AEI filed the Second Action in the Supreme Court of the State of New York, County of Kings. *See* Second Action, D. E. #1 at Ex. A (complaint). In the Second Action, AEI "seeks a declaratory judgment that the Policy is in full force and effect, and that [Lincoln Benefit] is bared from taking any action to challenge the validity of the Policy and/or to have the Policy declared void or voidable." *Id.* ¶ 6. AEI specifically asserts that it "did not have any involvement with the events alleged in the [First Action] that purportedly gave rise to the Policy's alleged lack of insurable interest, nor did AEI have any knowledge or awareness of the Policy's alleged lack of insurable interest at the time it acquired the Policy." *Id.* ¶ 19. In short, the Second Action sets forth AEI's defenses to the claims that Lincoln Benefit asserted against it in the First Action.

On October 31, 2014, Lincoln Benefit removed the Second Action to this Court. Second Action, D.E. # 1 (removal papers).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) provides that a party may assert improper venue as a defense by motion, including a challenge based on the common law first-to-file doctrine. *See* Fed. R. Civ. P. 12(b)(3); *Strukmyer, LLC v. Infinite Fin. Solutions, Inc.*, No. 3:13-cv-3798, 2013 U.S. Dist. LEXIS 172232 (N.D. Tex. Dec. 5, 2013). The first-to-file rule generally provides that, "in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). *See also Speedfit LLC v. Woodway U.S.*, No. 13-CV-1276, 2014 U.S. Dist. LEXIS 145897, at *11 (E.D.N.Y. Oct. 10, 2014) ("absent special circumstances, only the first-filed action should proceed when multiple lawsuits involving the same parties and issues are pending in different jurisdictions"). Dismissal, stay, or transfer under the first-to-file rule "is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013).

But before even addressing whether the first-to-file rule applies (including whether equitable considerations and/or exceptions render the first-to-file rule inapplicable),[1] the second forum must defer to the first forum to resolve the threshold question of *which forum should determine whether the first-to-file rule applies*. *Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 328 (E.D.N.Y. 2014) (explaining that first-filed court must determine "not only which forum is appropriate, but also which forum should *decide* which forum is appropriate") (emphasis in original)(citation omitted); *Speedfit LLC*, 2014 U.S. Dist. LEXIS 145897 at *12 & n.4 (same).

This is because to the extent there is a question as to whether the first-to-file rule applies, such a question should presumptively be answered by the first-filed court. *See MSK Ins., Ltd. v. Emp'r Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) ("[t]he court before which the first-filed action was brought determines which forum will hear the case"); *Weber-Stephen Prods. v. Ivy Mar*

---

[1] The Second Circuit has recognized only two exceptions to the first-filed rule: "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." *Emp'r Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal citations omitted). But these exceptions to the first-filed rule are not properly before a second forum (unless the first forum sends the case back to the second forum to determine whether the first-to-rule applies). *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 556 n.4 (S.D.N.Y. 2000) ("Indeed, it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies.").

*Co.*, 93 C 5462, 1994 U.S. Dist. LEXIS 2642, at *1 (N.D. Ill. March 9, 1994) (deferring first-to-file analysis to court where first-filed case was brought); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles Cnty.*, 542 F. Supp. 1317, 1320 (S.D.N.Y. 1982) (dismissing second-filed action without prejudice because court of first-filing should determine whether exception to first-filed rule applies).

## IV.   ARGUMENT

The New Jersey Action, which involves the same claims and parties as this action, was filed first. The Court therefore should dismiss this action under general principles of comity and judicial efficiency. Alternatively, to the extent a question exists regarding the applicability of the first-to-file rule, the Court should stay the instant action and defer to the New Jersey Court to address any such threshold questions.

### A.   The Court Should Dismiss This Action Pending Resolution of the First Action.

Under the well-established notion of comity among federal courts, the instant action should be dismissed to prevent duplicative litigation and to preserve judicial resources. Lincoln Benefit filed the First Action in June 2013, and AEI does not dispute that it is a party to the First Action. *See* Second Action, D.E. #1 at Ex. A, ¶ 18. Further, AEI's complaint in this action makes clear that both actions involve the same claims. *Compare* First Action, D.E. #1 *with* Second Action, D.E.

7

#1 at Ex. A, ¶ 19. Because the First Action was filed first and the parties and claims in both lawsuits are the same, the Court should dismiss the instant action to allow the First Action to proceed.

The procedural posture of the First Action (*i.e.*, that the dismissal for lack of subject matter jurisdiction remains pending on appeal) does not belie this result. Other courts have confronted this issue and held that pending jurisdictional challenges do not defeat the application of the first-to-file rule under general principles of comity. *See, e.g.*, *Promold & Tool, LLC v. Polylok, Inc.*, Civil Action No. 3:11-CV-00660, 2012 WL 1947207 (W.D. Ky. May 30, 2012) (although motion to dismiss for lack of personal jurisdiction was pending in first-filed case, second-filed case was transferred to allow resolution of the jurisdictional challenge); *W. LB AG, N.Y. Branch v. DT Land Dev., LLC*, Civil Case No. 09-cv-01931, 2010 WL 2698297 (D. Colo. June 25, 2010) ("Regardless of whether this court has subject matter and personal jurisdiction over defendants, whether venue is proper in this district, . . . the fact remains that there are now two parallel federal lawsuits implicating the same set of facts, one in which the claims are pled substantively and the other in which plaintiff seeks a declaratory judgment negating the underlying premises of those substantive claims. These circumstances implicate the principles of judicial comity and efficiency embodied in the first-to-

8

file rule."). The Court should therefore dismiss AEI's complaint to allow the First Action to conclude.

> **B.** **The Court Alternatively Should Stay This Action To Allow the New Jersey Court to Address Any Threshold Questions Regarding the First-to-File Rule.**

In the event the Court has questions regarding the applicability of the first-to-file rule, such questions, including the threshold question of which forum should decide which forum is appropriate to perform the first-to-file analysis, are properly directed to the New Jersey Court. *See infra* at Section III (Legal Standard). As the Eastern District has acknowledged, it is the first forum that must address threshold questions regarding (1) whether it is even the proper forum to perform a first-to-file analysis; and, assuming it determines that it is the proper forum, (2) whether the first-to-file rule applies. *Silver Line Bldg. Prods.*, 12 F. Supp. 3d at 328. This action therefore at a minimum should be stayed to allow the New Jersey Court to address these threshold questions.

AEI's pending jurisdictional challenges, which Lincoln Benefit anticipates may be raised as a defense to the application of the first-to-file rule, do not defeat this conclusion. Courts routinely stay second-filed cases "when the second-filed case, perhaps because the first-filed court lacks jurisdiction over a necessary party, 'may become the proper vehicle for resolution of the dispute.'" *Nanologix, Inc. v. Novak*, Case No. 4:13-CV-1000, 2013 U.S. Dist. LEXIS 172644, at *9 (N.D. Ohio

9

Dec. 9, 2013) (quoting *Ables & Hall Builders v. U.S. Bank*, N.A., Civil Action No. 3:08CV-175-H, 2008 WL 2168890, at *2 (W.D. Ky. May 23, 2008)).

In *Ables*, the plaintiffs filed a lawsuit in the District of Kentucky that involved the same parties and claims as a first-filed lawsuit in the Southern District of New York. 2008 WL 2168890, at *1. The defendant moved to stay the Kentucky lawsuit based on the first-to-file rule. *Id.* In opposing the motion to stay, the plaintiffs argued, *inter alia*, that the New York court "cannot fairly resolve the matter" based on its alleged possible lack of jurisdiction over certain necessary parties. *Id*. at *2. The Kentucky court disagreed and held that "these issues are for the Southern District of New York to decide." *Id*. The Kentucky court explained that, "should the New York court lack jurisdiction over any necessary party, or any party for that matter, or should the New York venue prove inconvenient or inequitable to one of the Kentucky parties, the [Kentucky] action may become the proper vehicle for resolution of the dispute between the parties [at that time]." *Id*. The Kentucky court recognized that staying the case pending resolution of those issues was warranted. *Id*.

Here, the Court should defer from further proceedings (1) to allow the appeal in the First Action to conclude and, in the event of reversal, to allow the New Jersey Court to retain jurisdiction; or, at a minimum, (2) to allow the New Jersey Court to render a prefatory determination as to the appropriate forum. In the

10

event that the Third Circuit affirms the dismissal of the First Action or the New Jersey Court otherwise deems this Court the appropriate forum to address these issues and preside over the dispute, this Court can lift the stay at that point and the parties can proceed here.

### V. CONCLUSION

For the foregoing reasons, Defendant Lincoln Benefit Life Company respectfully requests that the Court dismiss or, in the alternative, stay this action.

Date: December 17, 2014          By: /s/ Katherine L. Villanueva
                                 Katherine L. Villanueva
                                 DRINKER BIDDLE & REATH LLP
                                 One Logan Square, Suite 2000
                                 Philadelphia, PA 19103
                                 Tel: (215) 988-2700
                                 Fax: (215) 988-2757

                                 *Attorneys for Defendant Lincoln Benefit Life Company*

*Of counsel*

Jason P. Gosselin (*pro hac vice* motion to be filed)
Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
(215) 988-2700 - Telephone
(215) 988-2757 – Facsimile
Jason.gosselin@dbr.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014, I sent the foregoing document via e-mail to:

> Eric Biderman
> Arent Fox LLP
> 1675 Broadway
> New York, NY 10019-5820
> Phone: (212)484-3900
> Fax: (212)484-3990
> Email: eric.biderman@arentfox.com

/s/ Katherine L. Villanueva
Katherine L. Villanueva
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel:  (215) 988-2700
Fax:  (215) 988-2757
Katherine.villanueva@dbr.com