UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**MEMORANDUM & ORDER**

14-CV-6449

AEI LIFE, LLC,

    Plaintiff,

– against –

LINCOLN BENEFIT LIFE COMPANY,

    Defendant.

**Parties**

AEI Life, LLC

Lincoln Benefit Life Company

**Appearances**

Eric A. Biderman
Julius A. Rousseau
James M. Westerlind
Arent Fox LLP
1675 Broadway
New York, NY 10019
(212) 484-3900
biderman.eric@arentfox.com
rousseau.jule@arentfox.com
westerlind.james@arentfox.com

Katherine Leigh Villanueva
Jason P. Gosselin
Drinker Biddle & Reath LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103
(215) 988-2535
katherine.villanueva@dbr.com
jason.gosselin@dbr.com

JACK B. WEINSTEIN, Senior United States District Judge

**Table of Contents**

I. Introduction ..........................................................................................................................2

II. Facts....................................................................................................................................3

    A. New Jersey Action...................................................................................................3

    B. New York Action.....................................................................................................4

    C. LBL's Renewed Motion ..........................................................................................5

III. Law......................................................................................................................................6

    A. Motion to dismiss for improper venue ....................................................................6

    B. "First-to-File" Rule..................................................................................................6

IV. Application of Law to Facts ...............................................................................................9

    A. This case, not the New Jersey Action,
is the first to have established jurisdiction.............................................................9

    B. The New York Action is procedurally more advanced ........................................10

    C. The balance of convenience favors the Eastern District of New York .................11

V. Conclusion........................................................................................................................12

**I. Introduction**

This case is ruled by an aspect of the "first to file" doctrine. There appears to be a split in authority as to whether, under the "first to file" rule, the "first" case is to be determined based on time of filing or on the acquisition of subject matter and personal jurisdiction.

Absent strong considerations of efficiency, or an impact on substantive rights, the "first" case is the one in which the court obtains both subject matter and personal jurisdiction.

An action almost identical to the one started here was filed first in the United States

District Court for the District of New Jersey. The New Jersey court has not yet established personal jurisdiction over the parties or moved beyond initial motion practice. In contrast, here jurisdiction has been established over the parties and discovery is almost completed.

It is inappropriate to dismiss, stay, or transfer this case to New Jersey. Defendant's motion to dismiss or, in the alternative, to stay, is denied.

## II. Facts

A detailed factual background is set out in the February 24, 2015 memorandum and order. *See AEI Life, LLC v. Lincoln Ben. Life Co.*, 305 F.R.D. 37, 40-42 (E.D.N.Y. 2015). It is deemed incorporated in this memorandum and order.

### A. New Jersey Action

In June of 2013, defendant Lincoln Benefit Life Company ("LBL") sued plaintiff AEI Life, LLC ("AEI") and four other defendants in the District of New Jersey. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, No. 13-CV-4117 (D.N.J. July 3, 2013) ("New Jersey Action"). LBL claimed that AEI and its codefendants illegally sought to benefit from a stranger-owned life insurance ("STOLI") scheme in collusion with the insured, Gabriella Fischer.

Denying jurisdictional discovery, the New Jersey District Court dismissed the New Jersey Action for lack of subject matter jurisdiction. LBL appealed to the Court of Appeals for the Third Circuit. *See* Hr'g Tr., Feb 23, 2015, ECF No. 36, at 3:10-22.

On September 2, 2015, the Third Circuit Court of Appeals vacated the New Jersey District Court's dismissal, holding that LBL had sufficiently alleged subject matter jurisdiction. *Lincoln Benefit Life Co. v. AEI Life Co.*, 800 F.3d 99, 110-11 (3d Cir. 2015).

### B. New York Action

While the appeal was pending, AEI filed the instant suit against LBL in the Supreme Court of New York, Kings County. It sought damages for LBL's alleged breach of the policy by bringing a federal action in New Jersey, and a declaration that LBL is barred from challenging the validity of the policy. The case was removed to this court on diversity grounds. *See* Not. of Removal by Def. Lincoln Benefit Life Co., Oct. 31, 2014, ECF No. 1 ("New York Action").

On December 17, 2014, LBL moved to dismiss the present action pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing that principles of comity and the "first-to-file" rule required dismissal. Alternatively, LBL moved to stay the present case pending resolution of the appeal of the New Jersey Action or the New Jersey District Court's determination of whether the "first-to-file" rule applies. *See* Def. Lincoln Benefit's Not. of Mot. to Dismiss or Alternatively Stay, Dec. 17, 2014, ECF No. 6.

On February 24, 2015, LBL's motion to dismiss or stay was denied. Venue was held to be proper in the Eastern District of New York; and, because the earlier filed case in the New Jersey District Court had been dismissed for lack of jurisdiction, the "first-to-file" rule did not apply. *AEI Life, LLC*, 305 F.R.D. at 43, 46. LBL was given leave to re-file its motion if the United States Court of Appeals for the Third Circuit reversed the New Jersey District Court's dismissal. Hr'g Tr., Feb. 23, 2015, ECF No. 36, at 5:18-23, 8:20-24.

Since the Eastern District's February 24, 2015 order, the parties have neared completion of discovery in the New York action. *See* Hr'g Tr., Dec. 21, 2015. The magistrate judge has certified that the case is now ready for trial. *See* Order Certifying Discovery is Complete, Nov. 19, 2015, ECF No. 30.

### C. LBL's Renewed Motion

On November 2, 2015, LBL renewed its motion in the Eastern District to dismiss or, alternatively, to stay the instant action. It again argues that this case should be dismissed in deference to general principles of comity and judicial efficiency, or, in the alternative, should be stayed so that the New Jersey District Court can rule on the applicability of the "first-to-file" doctrine. *See* Lincoln Benefit Life Co.'s Renewed Mot. to Dismiss, or Alternatively, to Stay, Nov. 2, 2015, ECF No. 28-1 ("LBL Mem."), at 7-10.

In opposition, AEI argues that LBL's original motion was denied because transferring the case to New Jersey would result in delay, something the "first-to-file" rule was designed to avoid. Pl.'s Mem. of Law in Opp'n to Def.'s Renewed Mot. to Dismiss or Stay this Action, Nov. 19, 2015, ECF No. 31 ("AEI Opp'n Mem."), at 1. AEI contends that any delay in the resolution of its rights under the insurance contract will be prejudicial since AEI continues to pay policy premiums while LBL attempts to have the policy voided. *Id.* at 6-7.

LBL contends that the New Jersey action is more comprehensive than the instant action, that the insurance contract was signed in New Jersey and is governed by New Jersey law, and that New Jersey has a strong policy interest in the action. Reply of Lincoln Benefit Life Co. in further support of its Renewed Mot. to Dismiss or Alternatively to Stay, Nov. 30, 2015, ECF No. 33 ("LBL Reply Mem."), at 9-11. It also points out that a separate policy, in addition to the one sued on in the Eastern District of New York, is before the New Jersey court. *See* Hr'g Tr., Dec. 21, 2015. New Jersey law will be recognized by this court. The two policies sued on in New Jersey involve identical issues of fact and law; a decision in this court will effectively decide the merits controlling both insurance policies. *See id.*

## III. Law

### A. Motion to dismiss for improper venue

On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, the plaintiff bears the burden of establishing that venue is proper. *Anonymous v. Kaye*, 104 F.3d 355 (2d Cir. 1996); *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543, 551 (E.D.N.Y. 2011). In analyzing a claim of improper venue, a district judge will view the facts in the light most favorable to the plaintiff. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). The decision whether to dismiss an action for improper venue is committed to the court's "sound discretion." *Cold Spring Harbor Lab.*, 762 F. Supp. 2d at 551 (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

### B. "First-to-File" Rule

"In the interest of judicial economy, the first-to-file rule allows a court to stay an action that involves the same parties, issues, and facts as an action currently pending in another court." *AEI Life, LLC*, 305 F.R.D. at 44. "There is a general presumption that where there are two competing lawsuits, the first suit should have priority, absent the showing of [a] balance of convenience or special circumstances giving priority to the second." *Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 369 (S.D.N.Y. 2009) (citing *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). The "first-to-file" rule "states that, in determining the proper venue, where there are two competing lawsuits, the first suit should have priority." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks and citation omitted).

The rule does not provide "an invariable mandate." *Emp'rs Ins. of Wausau v. Fox Entm't*

*Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Instead, it relies on an inference in favor of proceeding in the forum where the first complaint was filed. *Id.* It is not meant to be applied in a "rigid" or "mechanical" way, "and is quite commonly overcome where circumstances warrant." *Dornoch Ltd.*, 666 F. Supp. 2d at 369. Whether to apply the "first-to-file" rule is ultimately an equitable task within the sound discretion of the district judge. *See, e.g., 800-Flowers, Inc. v. Intercont'l Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994).

"It is not the case first filed that has precedence; rather, it is the court that first obtains jurisdiction over the parties and the issues that should normally proceed with the litigation." *AEI Life*, 305 F.R.D. at 44-45; *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) ("We have recognized the basic proposition that the first court *to obtain jurisdiction* of the parties and of the issues should have priority over a second court to do so . . . Deference to the first filing embodies considerations of judicial administration and conservation of resources and recognizes that a party who first brings an issue into a court *of competent jurisdiction* should be free from the vexation of concurrent litigation over the same subject matter.") (citations omitted, emphasis added); *Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp. 3d 320, 325 (E.D.N.Y. 2014) (noting that first-filed action is "the first court to acquire jurisdiction" over parties); *see also Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) ("first-to-file" rule "pertains when two district courts *have jurisdiction* over the same controversy, affording deference to the first filed lawsuit") (emphasis added); *but see Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (relevant date is date complaints were filed); *Promold & Tool, LLC v. Polylok, Inc.*, No. 3:11-CV-00660, 2012 WL 1947207, at *2 (W.D. Ky. May 30, 2012) ("Under the 'first-to-file' rule, 'when actions involving nearly identical parties and issues have been filed in two different district courts, the court in

which the first suit was *filed* should generally proceed to judgment.'") (quoting *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)) (emphasis added).

When the second filed action has developed substantially further than the initial suit, the "first to file" rule is generally not applied. *See Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 63 (E.D.N.Y. 2015) (transfer of case inappropriate where case pending in Eastern District of New York was procedurally more advanced than case pending in other court); *Connors v. Lexington Ins. Co.*, 666 F. Supp. 434, 455 (E.D.N.Y. 1987) (noting "well-established exception[]" to rule "when the first filed action has not reached a more advanced stage than its counterpart"); *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 436 (S.D.N.Y. 2013) (consideration of which case was "first" is diminished "where the first-filed action has not reached a more advanced stage than the later action") (citations omitted); *see also Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985); *Church of Scientology v. U.S. Dep't. of Army*, 611 F.2d 738, 750 (9th Cir. 1979); *cf. Yoder v. Heinold Commodities, Inc.*, 630 F. Supp. 756, 760-61 (E.D. Va. 1986) ("Foremost among [the] equitable considerations are the timing and circumstances surrounding the filing of [the first suit].").

The "first-to-file" doctrine is also generally not applied when the "balance of convenience"—determined using the same factors considered in connection with general motions to transfer venue—"favors the second-filed action." *Emp'rs Ins. of Wausau*, 522 F.3d at 275. The Court of Appeals for the Second Circuit has emphasized that the "first-to-file" rule may be ignored when there is convincing "proof of the desirability of proceeding in the forum of the second-filed action"; the "balance of convenience" analysis comprises the "centrality" of the doctrine. *N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 113 (quoting *Emp'rs Ins. of Wausau*, 522

F.3d at 275-76); *accord Honeywell Int'l Inc. v. Int'l Union, United Auto Ae*rospace & Agric. Implement Workers of Am., 502 F. App'x 201, 205 (3d Cir. 2012) ("[T]he first-filed rule may properly be departed from as the equities of a given case require . . . [including where] the balance of convenience favors the second-filed action.") (internal quotation marks and citations omitted).

Seven factors inform the "balance of convenience" analysis: (1) plaintiff's choice of forum; (2) convenience of the witnesses; (3) location of relevant documents and relative ease of access to sources of proof; (4) convenience of the parties; (5) locus of operative facts; (6) availability of process to compel attendance of unwilling witnesses, and (7) relative means of the parties. *Emp'rs Ins. of Wausau*, 522 F.3d at 275; *see also Weber-Stephen Prods. Co. v. Ivy Mar Co.*, No. 93-CV-5462, 1994 WL 11711, at *1 (N.D. Ill. Jan. 13, 1994) (refusing to stay second filed action, and directing preliminary discovery disputes away from the first-filed forum, which was not then in a position to promptly resolve discovery disputes).

## IV. Application of Law to Facts

The "first to file" rule should not be applied in this case. The Eastern District was the first to establish jurisdiction over the parties, the New York Action is procedurally far more advanced than the New Jersey Action, and the balance of convenience weighs against transferring the case.

### A. This case, not the New Jersey Action, is the first to have established jurisdiction

The "first-to-file" rule does not, as LBL contends, turn on the date on which competing actions were filed. LBL Mem. at 6; LBL Reply Mem. at 4-5. Rather, for purposes of the rule, the "first filed" action is the first in which the court obtained jurisdiction over the parties. *First City National Bank & Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989), which LBL relies upon,

does not compel the conclusion it favors. LBL Mem. at 7. In *First City*, the court of appeals affirmed decisions by two district judges dismissing cases in favor of earlier-filed actions pending in Oklahoma federal court. *First City Nat'l Bank*, 878 F.2d at 80. The court of appeals noted that "[t]he Oklahoma court has already determined that it has jurisdiction of all parties to this dispute." *First City Nat. Bank*, 878 F.2d at 80. The *First City National Bank*'s holding does not provide guidance in the instant case, where jurisdiction was not established in the earlier-in-time action.

Since the New York Action was removed from the New York State Supreme Court on October 31, 2014, neither AEI nor LBL has challenged this court's subject matter or personal jurisdiction over the case and parties. AEI has indicated that it plans to renew its motion to dismiss in the New Jersey District Court for lack of personal jurisdiction. AEI Opp'n Mem. at 9.

Because this court was the first to obtain jurisdiction over the parties, for purposes of the "first to file" rule, the New York Action is deemed the earlier.

### B. The New York Action is procedurally more advanced

Even if the New Jersey Action were the first filed for purposes of the rule, the New York Action is procedurally more advanced than the New Jersey Action. As noted above, while the New Jersey Action is about to commence on a round of dismissal briefing, the New York Action has been certified as trial-ready.

Because the New York Action is procedurally more advanced than the New Jersey Action, the "first-to-file" rule does not require a transfer. Rather, judicial efficiency is better served by keeping the case here.

## C. The balance of convenience favors the Eastern District of New York

Balance of convenience analysis does not favor dismissing or staying the New York Action. There has been no change in the relevant facts since the balance of convenience analysis was performed in connection with the order of February 24, 2015:

> *First*, as the plaintiff in this action, AEI is entitled to some deference in choosing the forum. As a limited liability company with a principal place of business in Brooklyn, New York, the United States District Court for the Eastern District of New York is plaintiff's home forum; New Jersey is not the home forum of either party.
>
> *Second*, although defendant is a Nebraska resident, with respect to witnesses, it should not be less convenient for the case to be litigated and tried in New York than in New Jersey. AEI's witnesses, in addition to the insured, and the representative of the trust are located in New York.
>
> *Third*, the location of relevant documents and sources of proof in this action are likely located in New York since all of defendants in LBL's original action brought forward in New Jersey were based in New York.
>
> *Fourth*, because the witnesses, documents, and other relevant sources of proof are in New York, it is convenient for the parties to try the action here.
>
> *Fifth*, the locus of operative facts points to New York: (1) the insured resided in Brooklyn at the time the policy originated; (2) the trust to which the policy was delivered has its situs in New York; (3) AEI acquired the policy from a New York company, in a transaction negotiated and executed in New York; and (4) all those involved in the alleged STOLI scheme are based in New York. While substantive New Jersey law may govern the dispute, choice of law alone is not dispositive of venue.
>
> *Sixth*, because essential witnesses to this dispute appear to reside in New York, and not in New Jersey, this court has the power to compel their testimony.
>
> *Seventh*, the means of the parties is not a significant factor in this case. The defendant has assets sufficient to litigate in New York.

> *See* Allstate Closes Sale of Lincoln Benefit Life, insurancenews.net, April 1, 2014, *available at*: http://insurancenewsnet.com/article/2014/04/01 ("Net income generated by [LBL] was approximately $140 million in 2013.").

*AEI Life*, 305 F.R.D. at 46.

The United States District Court for the Eastern District of New York is now the appropriate venue.

V. **Conclusion**

Defendant's motion to dismiss or, alternatively, to stay this action is denied. The parties shall submit a joint letter with a proposed summary judgment briefing schedule and trial date, should summary judgment not be granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: December 21, 2015
　　　Brooklyn, New York